# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60430
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2015

Lyle W. Cayce
Clerk

XIU QIN ZHENG,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 039 778

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Xiu Qin Zheng, a native and citizen of the People's Republic of China, seeks review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the immigration judge's (IJ) order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). (The IJ's first decision, favorable to Zheng, was remanded on

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

appeal to the BIA for the IJ to make additional findings regarding Zheng's credibility and to issue a new decision.)

Regarding her credibility, including regarding an alleged forced abortion, Zheng contends:  a sentence in her father's written statement reflecting that she may have seen her aborted child was ambiguous, and, thus not inconsistent with her testimony denying having seen the child; any inconsistency about her description of the location where she hid during her pregnancy was minor and adequately explained; the IJ and BIA erred in relying on her I-213 Form (Report of Deportable/Inadmissible Alien) to conclude she had provided inconsistent explanations of her reasons for coming to the United States; and information in the State Department's report on conditions in China was insufficient to call into question a document obtained from her home village reflecting that her child had been aborted by family-planning officials.

An IJ's credibility determination is reviewed under a highly deferential standard, and it must be upheld "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling".  *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (citation and internal quotation marks omitted).  The IJ "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible".  *Id.* (emphasis in original) (citation and internal quotation marks omitted).

Zheng has not shown that the record compels a conclusion that her testimony and evidence was credible.  The IJ's credibility determination is supported "by specific and cogent reasons derived from the record".  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (citations omitted).  In the light of the adverse credibility ruling, the IJ and BIA had no basis supporting a grant

of asylum, withholding of removal, or CAT relief.  *E.g., Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994).

DENIED.